*Butler*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA and the STATES of COLORADO, CONNECTICUT, THE DISTRICT OF COLUMBIA, FLORIDA, ILLINOIS, INDIANA, MARYLAND, MASSACHUSETTS, NEW JERSEY, NEW YORK, OHIO, OKLAHOMA, TEXAS, AND VIRGINIA *ex rel.* BNHT LLC,<br><br>                    Plaintiffs,<br><br>          v.<br><br>LIFE SPINE INC., MICHAEL BUTLER, and JOSEPH LOY,<br><br>                    Defendants. | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED:_____ |
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff-Intervenor<br><br>          v.<br><br>LIFE SPINE, INC., MICHAEL BUTLER, and RICHARD GREIBER,<br><br>                    Defendants. | **18 Civ. 1311 (JSR)** |

**STIPULATION AND ORDER OF SETTLEMENT AND DISMISSAL**

WHEREAS, this Stipulation and Order of Settlement and Dismissal ("Stipulation") is entered into by and among plaintiff the United States of America (the "United States" or "Government"), by its attorney, Geoffrey S. Berman, United States Attorney for the Southern

District of New York; relator BNHT LLC, which is composed of Walter J. Bennett, Jon Nolan, Larry Harvey, and Cameron Thrall (collectively, the "Relators"); and Defendant Michael Butler ("Butler") (together with the Government and the Relators, the "Parties"), through their authorized representatives;

WHEREAS, Butler resides in Illinois and is the President and Chief Executive Officer of Life Spine Inc. ("Life Spine"), an Illinois-based company that develops, markets, and sells medical devices and equipment primarily used in spinal surgeries performed by orthopedic surgeons and neurosurgeons;

WHEREAS, on or about February 14, 2018, BNHT LLC filed a complaint under the *qui tam* provisions of the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.* (the "Relator Complaint"), alleging, *inter alia*, that Life Spine engaged in an illegal kickback scheme by paying physicians ostensibly for consulting services when in reality the payments were intended to induce sales of Life Spine products;

WHEREAS, the Government alleges that from January 2012 through December 2018 (the "Covered Period"), Life Spine, with the knowledge, involvement, and participation of Butler and co-defendant Richard Greiber, offered and paid remuneration, in the form of millions of dollars in consulting fees, royalties, and intellectual property acquisition fees, to surgeons to induce them to use Life Spine's spinal implants, devices, and equipment, in violation of the Anti-Kickback Statute (the "AKS"), 42 U.S.C. §§ 13320a-7b(b), and thereby caused false claims for payment to be submitted to and paid by Medicare and Medicaid. The conduct described in this paragraph is referred to as the "Covered Conduct" for purposes of this Stipulation;

WHEREAS, the Government filed a Notice of Election to Intervene dated April 22, 2019;

WHEREAS, on or about July 22, 2019, the Government filed its Complaint-In-Intervention in the above-referenced *qui tam* action ("the Government Complaint"), in which it is asserting claims against Butler under the FCA for the Covered Conduct;

WHEREAS, the Parties have, through this Stipulation, reached a mutually agreeable resolution addressing the claims asserted against Butler in the Government Complaint and in the Relator Complaint (with the exception of the Relators' claim for reasonable expenses and attorneys' fees and costs pursuant to 31 U.S.C. § 3730(d));

WHEREAS, the Relators' claim to a share of the proceeds from the settlement between the Parties will be the subject of a separate agreement between the Relators and the United States;

NOW, THEREFORE, upon the Parties' agreement, IT IS HEREBY ORDERED that:

## TERMS AND CONDITIONS

1.     The Parties agree that this Court has subject matter jurisdiction over this action and consent to this Court's exercise of personal jurisdiction over each of them.

2.     Butler admits, acknowledges, and accepts responsibility for the following conduct:

   a.  Butler has served as Life Spine's President and Chief Executive Officer since he created the company. During the Covered Period, Butler was closely involved in overseeing the operations of the company, including among other things, regularly reviewing data reflecting Life Spine product sales.

   b.  Butler was involved in identifying and retaining some of the surgeons who served as paid consultants for Life Spine. Butler also reviewed many of the patents that Life Spine considered purchasing from surgeons and was involved in some of the negotiation of the terms of the IP Purchase

3

Agreements, in some instances including the initial acquisition fee and royalty rates.

   c. On multiple occasions, Butler received reports that reflected both the payments made to surgeons and the surgeons' usage of Life Spine products during a given time period.

   d. When surgeons' usage of Life Spine products decreased, on occasion, Butler would contact the surgeons, or their distributors, to encourage them to increase their usage of Life Spine products.

   3.    Butler shall pay to the United States within ninety (90) days of the Effective Date (defined below in Paragraph 28) the sum of $375,000 plus interest, which shall be compounded annually at a rate of 1.75% accruing from October 11, 2019, to the date of payment (the "Butler Settlement Amount"), in accordance with instructions to be provided by the Financial Litigation Unit of the United States Attorney's Office for the Southern District of New York. The Butler Settlement Amount constitutes restitution to the United States.

   4.    Butler agrees to cooperate fully and truthfully with the United States' investigation of individuals and entities not released in this Stipulation. Upon reasonable notice, Butler shall encourage, and agree not to impair, the cooperation of Life Spine's directors, officers, and employees, and shall use his best efforts to make available, and encourage, the cooperation of former directors, officers, and employees for interviews and testimony, consistent with the rights and privileges of such individuals. Butler agrees to furnish to the United States, upon request, complete and unredacted copies of all non-privileged documents, reports, memoranda of interviews, and records in his possession, custody, or control concerning any investigation of the Covered Conduct that he has undertaken, or that has been performed by another on his behalf.

4

5.     Subject to the exceptions in Paragraphs 9 and 16 below (concerning excluded claims and bankruptcy proceedings), and conditioned upon Butler's full compliance with the terms of this Stipulation, including full payment of the Butler Settlement Amount to the United States pursuant to Paragraph 3 above, the United States releases Butler from any civil or administrative monetary claim that the United States has for the Covered Conduct under the FCA, the Civil Monetary Penalties Law, 42 U.S.C. § 1320a-7a, the Program Fraud Civil Remedies Act, 31 U.S.C. § 3801-3812, and the common law theories of fraud, payment by mistake, and unjust enrichment.

6.     Butler fully and finally releases the United States, its agencies, officers, employees, servants, and agents from any claims (including attorneys' fees, costs, and expenses of every kind and however denominated) that Butler has asserted, could have asserted, or may assert in the future against the United States, its agencies, officers, employees, servants, or agents related to the Covered Conduct and the United States' investigation, prosecution and settlement thereof.

7.     Conditioned on Butler's timely payment of the full Butler Settlement Amount pursuant to Paragraph 3 above, the Relators, for themselves and their heirs, successors, attorneys, agents, and assigns, release Butler, and his heirs, successors, attorneys, agents, and assigns, from any and all manner of claims, proceedings, liens, and causes of action of any kind or description that the Relators have against Butler related to or arising from the Relator Complaint; provided, however, that nothing in this Stipulation shall preclude the Relators from seeking to recover their reasonable expenses and attorneys' fees and costs pursuant to 31 U.S.C. § 3730(d).

8.     In consideration of the execution of this Stipulation by the Relators and the Relators' release as set forth in Paragraph 7 above, Butler, for himself and his heirs, successors, attorneys, agents, and assigns, releases Relators, and their heirs, successors, attorneys, agents, and

5

assigns, from any and all manner of claims, proceedings, liens, and causes of action of any kind or description that Butler has against the Relators related to or arising from the Relator Complaint.

9.    Notwithstanding the release given in Paragraphs 5 above, or any other term of this Stipulation, the following claims of the Government are specifically reserved and are not released by this Stipulation:

a.    any liability arising under Title 26, United States Code (Internal Revenue Code);

b.    any criminal liability;

c.    except as explicitly stated in this Stipulation, any administrative liability, including but not limited to the mandatory or permissive exclusion from Federal healthcare programs (as defined in 42 U.S.C. §1320a-7b(f)) under 42 U.S.C. §1320a-7(a) (mandatory exclusion) or 42 U.S.C. §1320a-7(b) (permissive exclusion);

d.    any liability to the United States (or its agencies) for any conduct other than the Covered Conduct;

e.    any liability based upon obligations created by this Stipulation; and

f.    any liability of individuals, except for Butler.

10.    Butler shall be in default of this Stipulation if he fails to make the required payments set forth in Paragraph 3 above on or before the due date for such payment, or if he fails to comply materially with any other term of this Stipulation ("Default"). The Government shall provide written notice to Butler of any Default in the manner set forth below. Butler shall then have an opportunity to cure the Default within ten (10) calendar days from the date of delivery of the notice of Default. In the event that a Default is not fully cured within ten (10) calendar days of the delivery of the notice of Default ("Uncured Default"), interest shall accrue at the rate of 12% per annum compounded daily on the remaining unpaid principal balance of the settlement amount set

6

forth in Paragraph 3 above, beginning ten (10) calendar days after mailing of the notice of Default. In the event of an Uncured Default, Butler shall agree to the entry of a consent judgment in favor of the United States against Butler in the amount of the Settlement Amount, as attached hereto as Exhibit A. The United States may also, at its option, (a) rescind this Stipulation and reinstate the claims asserted against Butler in the Government Complaint; (b) seek specific performance of this Stipulation; (c) offset the remaining unpaid balance of the settlement amount set forth in Paragraph 3 above from any amounts due and owing Butler by any department, agency, or agent of the United States; or (d) exercise any other rights granted by law, or under the terms of this Stipulation, or recognizable at common law or in equity. Butler shall not contest any offset imposed or any collection undertaken by the Government pursuant to this Paragraph, either administratively or in any Federal or State court. In addition, Butler shall pay the Government all reasonable costs of collection and enforcement under this Paragraph, including attorneys' fees and expenses. In the event that the United States opts to rescind this Stipulation pursuant to this Paragraph, Butler shall not plead, argue, or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel, or similar theories, to any civil or administrative claims that relate to the Covered Conduct.

11.    The Relators and their heirs, successors, attorneys, agents, and assigns shall not object to this Stipulation; the Relators agree and confirm that the terms of this Stipulation are fair, adequate, and reasonable under all of the circumstances, pursuant to 31 U.S.C. § 3730(c)(2)(B).

12.    Butler waives and shall not assert any defenses he may have to any criminal prosecution or administrative action relating to the Covered Conduct based in whole or in part on a contention that under the Double Jeopardy Clause in the Fifth Amendment of the Constitution,

7

or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Stipulation bars a remedy sought in such criminal prosecution or administrative action.

13.     Butler, having truthfully admitted to the conduct set forth in Paragraph 2 above (the "Admitted Conduct"), agrees that he shall not, through his attorneys, agents, officers, or employees, make any public statement, including but not limited to any statement in a press release, social media forum, or website, that contradicts or is inconsistent with the Admitted Conduct or suggests that the Admitted Conduct is not wrongful (a "Contradictory Statement"). Any Contradictory Statement by Butler or his attorneys, agents, officers, or employees shall constitute a violation of this Stipulation, thereby authorizing the Government to pursue any of the remedies set forth in Paragraph 10 above, or seek other appropriate relief from the Court. Before pursuing any remedy, the Government shall notify Butler that it has determined that Butler has made a Contradictory Statement. Upon receiving such notice from the Government, Butler may cure the violation by repudiating the Contradictory Statement in a press release or other public statement within four business days. If Butler learns of a potential Contradictory Statement by his attorneys, agents, officers, or employees, Butler must notify the Government of the statement within 24 hours. The decision as to whether any statement constitutes a Contradictory Statement or will be imputed to Butler for the purpose of this Stipulation, or whether Butler adequately repudiated a Contradictory Statement to cure a violation of this Stipulation, shall be within the sole discretion of the Government. Consistent with this provision, Butler may raise defenses and/or assert affirmative claims or defenses in any proceedings brought by private and/or public parties, so long as doing so would not contradict the Admitted Conduct.

14.     Butler agrees that he shall not seek indemnification from any source with respect to any portion of the Butler Settlement Amount.

15.     Butler represents and warrants that he has reviewed his financial situation, that he is currently not insolvent as such term is defined in 11 U.S.C. § 101(32), and that he reasonably believes he shall remain solvent following payment to the Government of the settlement amount referenced in Paragraph 3 above. Further, Butler warrants that, in evaluating whether to execute this Stipulation, he (a) has intended that the mutual promises, covenants, and obligations set forth constitute a contemporaneous exchange for new value given to him, within the meaning of 11 U.S.C. § 547(c)(1); and (b) has concluded that these mutual promises, covenants, and obligations do, in fact, constitute such a contemporaneous exchange. Further, the Parties warrant that the mutual promises, covenants, and obligations set forth herein are intended to and do, in fact, represent a reasonably equivalent exchange of value that is not intended to hinder, delay, or defraud any entity to which Butler was or became indebted to on or after the date of this Stipulation, within the meaning of 11 U.S.C. § 548(a)(1).

16.     If within 91 days of the Effective Date of this Stipulation or any payment made under this Stipulation, Butler commences any case, action, or other proceeding under any law relating to bankruptcy, insolvency, reorganization, or relief of debtors, or a third party commences any case, action, or other proceeding under any law related to bankruptcy, insolvency, reorganization, or relief of debtors (a) seeking an order for relief of Butler's debts, or seeking to adjudicate Butler as bankrupt or insolvent; or (b) seeking appointment of a receiver, trustee, custodian, or other similar official for Butler or for all or part of Butler's assets, then Butler agrees as follows:

a.  Butler's obligations under this Stipulation may not be avoided pursuant to 11 U.S.C. § 547, and Butler shall not argue or otherwise take the position in any such case, action, or proceeding that: (i) Butler's obligations under this

9

Stipulation may be avoided under 11 U.S.C. § 547; (ii) Butler is insolvent at the time this Stipulation was entered into; or (iii) the mutual promises, covenants, and obligations set forth in this Stipulation do not constitute a contemporaneous exchange for new value given to Butler.

b. If any of Butler's obligations under this Stipulation are avoided for any reason, including, but not limited to, through the exercise of a trustee's avoidance powers under the Bankruptcy Code, the Government, at its option, may rescind the release in this Stipulation and bring any civil and/or administrative claim, action, or proceeding against Butler for the claims that would otherwise be covered by the release in Paragraph 5 above. Butler agrees that: (i) any such claim, action, or proceeding brought by the Government would not be subject to an "automatic stay" pursuant to 11 U.S.C. §362(a) as a result of the case, action, or proceeding described in the first sentence of this Paragraph, and Butler shall not argue or otherwise contend that the Government's claim, action, or proceeding is subject to an automatic stay; (ii) Butler shall not plead, argue, or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel, or similar theories, to any claim, action, or proceeding that is brought by the Government within 60 calendar days of written notification to Butler that the release has been rescinded pursuant to this Paragraph, except to the extent such defenses were available on the date the Relator Complaint was filed; and (iii) the Government has a valid claim against Butler in the amount of the settlement amount set forth in Paragraph 3 above and the Government may pursue its claim in the case, action, or proceeding described in the first

sentence of this Paragraph, as well as in any other case, action, or proceeding.

c.  Butler acknowledges that the agreements in this Paragraph are provided in exchange for valuable consideration provided in this Stipulation.

17.    This Stipulation is intended to be for the benefit of the Parties only.  The Parties do not release any claims against any other person or entity except as otherwise provided herein.

18.    Butler agrees that he waives and shall not seek payment for any of the health care billings covered by this Stipulation from any health care beneficiaries or their parents, sponsors, legally responsible individuals, or third party payors based upon the claims defined as Covered Conduct.

19.    Each Party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Stipulation; provided, however, nothing in this Stipulation shall preclude the Relators from seeking to recover their expenses or attorneys' fees and costs from Life Spine and Butler, pursuant to 31 U.S.C. § 3730(d).

20.    Any failure by the Government to insist upon the full or material performance of any of the provisions of this Stipulation shall not be deemed a waiver of any of the provisions hereof, and the Government, notwithstanding that failure, shall have the right thereafter to insist upon the full or material performance of any and all of the provisions of this Stipulation.

21.    This Stipulation is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Stipulation is the United States District Court for the Southern District of New York. For purposes of construing this Stipulation, this Stipulation shall be deemed to have been drafted by all Parties to this Stipulation and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

22. This Stipulation constitutes the complete agreement between the Parties with respect to the subject matter hereof. This Stipulation may not be amended except by written consent of the Parties.

23. The undersigned counsel and other signatories represent and warrant that they are fully authorized to execute this Stipulation on behalf of the persons and the entities indicated below.

24. This Stipulation is binding on Butler's successors, transferees, heirs, and assigns.

25. This Stipulation is binding on the Relator's successors, transferees, heirs, and assigns.

26. This Stipulation may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Stipulation. E-mails that attach signatures in PDF form or facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Stipulation.

27. Any notice pursuant to this Stipulation shall be in writing and shall, unless expressly provided otherwise herein, be delivered by hand, express courier, or e-mail transmission followed by postage-prepaid mail, and shall be addressed as follows:

TO THE UNITED STATES:

Jennifer Jude, Esq.
Jeffrey K. Powell, Esq.
Lara K. Eshkenazi, Esq.
Assistant United States Attorneys
United States Attorney's Office
Southern District of New York
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2663/2706/2758
Email: Jennifer.Jude@usdoj.gov
          Jeffrey.Powell@usdoj.gov

Lara.Eshkenazi@usdoj.gov

TO DEFENDANT MICHAEL BUTLER:

Michael R. Pauzé, Esq.
King & Spalding LLP
1700 Pennsylvania Avenue
Washington, D.C. 20006
Phone: 202-626-3732
Email: mpauze@kslaw.com

TO RELATORS:

Stephen A. Weiss, Esq.
Christopher L. Ayers, Esq.
Seeger Weiss LLP
77 Water Street, 8th Fl.
New York, NY 10005
Phone: 212-584-0700
Email: sweiss@seegerweiss.com
        cayers@seegereiss.com

28.     The effective date of this Stipulation is the date upon which the Stipulation is
approved by the Court (the "Effective Date").

**Agreed to by:**

### THE UNITED STATES OF AMERICA

Dated: October $\underline{23}$, 2019

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By:     _____

Jennifer Jude, Esq.
Jeffrey K. Powell, Esq.
Lara K. Eshkenazi, Esq.
Rachael L. Doud
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2663/2706/2758/3274
Email: Jennifer.Jude@usdoj.gov
       Jeffrey.Powell@usdoj.gov
       Lara.Eshkenazi@usdoj.gov
       Rachael.Doud@usdoj.gov

14

**DEFENDANT**

Dated: October **23**, 2019

DEFENDANT MICHAEL BUTLER

_____

Michael Butler

KING & SPALDING LLP

By: _____

Michael R. Pauzé
Kerrie C. Dent
1700 Pennsylvania Avenue, NW
Washington, DC 20006-4707
Telephone: (202) 737-0500

William F. Johnson
1185 Avenue of the Americas
New York, NY 10036-4003
Telephone: (212) 556-2100

*Attorneys for Defendant Michael Butler*

**RELATOR**

Dated: October _17_, 2019

RELATOR BNHT LLC

Bỹ: _____

Christopher L. Ayers, Esq.
Manager

_____

Walter J. Bennett

_____

Jon Nolan

_____

Larry Harvey

_____

Carmeron Thrall

SEEGER WEISS LLP

By: _____

Stephen A. Weiss, Esq.
Christopher L. Ayers, Esq.
77 Water Street, 8ᵗʰ Fl.
New York, NY 10005
Phone: 212-584-0700
Email: sweiss@seegerweiss.com
       cayers@seegerweiss.com
*Attorneys for Relator BNHT LLC, Walter J.*
*Bennett, Jon Nolan, Larry Harvey, and*
*Cameron Thrall*

**RELATOR**

Dated: October $\mathcal{22}$, 2019

RELATOR BNHT LLC

By: _____

Christopher L. Ayers, Esq.
Manager


_____

Walter J. Bennett


_____

Jon Nolan

_____

Larry Harvey


_____

Carmeron Thrall


SEEGER WEISS LLP

By: _____

Stephen A. Weiss, Esq.
Christopher L. Ayers, Esq.
77 Water Street, 8th Fl.
New York, NY 10005
Phone: 212-584-0700
Email: sweiss@seegerweiss.com
        cayers@seegerweiss.com
*Attorneys for Relator BNHT LLC, Walter J.*
*Bennett, Jon Nolan, Larry Harvey, and*
*Cameron Thrall*

16

# RELATOR

Dated: October 20, 2019

RELATOR BNHT LLC

By: _____

Christopher L. Ayers, Esq.
Manager

_____

Walter J. Bennett

_____

Jon Nolan

_____

Larry Harvey

Cameron Thrall

SEEGER WEISS LLP

By: _____

Stephen A. Weiss, Esq.
Christopher L. Ayers, Esq.
77 Water Street, 8th Fl.
New York, NY 10005
Phone: 212-584-0700
Email: sweiss@seegerweiss.com
    cayers@seegerweiss.com
*Attorneys for Relator BNHT LLC, Walter J.
Bennett, Jon Nolan, Larry Harvey, and
Cameron Thrall*

16

**RELATOR**

Dated: October **21**, 2019

RELATOR BNHT LLC

By:

Christopher L. Ayers, Esq.
Manager

Walter J. Bennett

Jon Nolan

Larry Harvey

Carmeron Thrall

SEEGER WEISS LLP

By:

Stephen A. Weiss, Esq.
Christopher L. Ayers, Esq.
77 Water Street, 8th Fl.
New York, NY 10005
Phone: 212-584-0700
Email: sweiss@seegerweiss.com
        cayers@seegerweiss.com
*Attorneys for Relator BNHT LLC, Walter J.
Bennett, Jon Nolan, Larry Harvey, and
Cameron Thrall*

16

SO ORDERED:

_____

HON. JED S. RAKOFF
UNITED STATES DISTRICT JUDGE

Dated: ___10/29/19___
    New York, New York

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA and the
STATES of COLORADO, CONNECTICUT,
THE DISTRICT OF COLUMBIA, FLORIDA,
ILLINOIS, INDIANA, MARYLAND,
MASSACHUSETTS, NEW JERSEY, NEW
YORK, OHIO, OKLAHOMA, TEXAS, AND
VIRGINIA *ex rel.* BNHT LLC,

              Plaintiffs,

    v.

LIFE SPINE INC., MICHAEL BUTLER, and
JOSEPH LOY,

              Defendants.

**18 Civ. 1311 (JSR)**

---

UNITED STATES OF AMERICA,

              Plaintiff-Intervenor

    v.

LIFE SPINE, INC., MICHAEL BUTLER, and
RICHARD GREIBER,

              Defendants.

---

**CONSENT JUDGMENT**

Upon the consent of Plaintiff the United States of America and defendant Michael Butler,

it is hereby



ORDERED, ADJUDGED and DECREED:  that plaintiff the United States of America is

awarded judgment in the amount of $375,000 against Michael Butler.

Agreed to by:

Dated: October ___, 2019

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: _____

Jennifer Jude, Esq.
Jeffrey K. Powell, Esq.
Lara K. Eshkenazi, Esq.
Rachael L. Doud
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2663/2706/2758
Email: Jennifer.Jude@usdoj.gov
        Jeffrey.Powell@usdoj.gov
        Lara.Eshkenazi@usdoj.gov

Dated: October _____, 2019

DEFENDANT MICHAEL BUTLER

_____

Michael Butler

KING & SPALDING LLP

By: _____

Michael R. Pauze, Esq.
1700 Pennsylvania Avenue
Washington, D.C. 20006
Phone: 202-626-3732
Email: mpauze@jslaw.com
*Attorneys for Michael Butler*

SO ORDERED:

_____

HON. JED S. RAKOFF
UNITED STATES DISTRICT JUDGE

Dated: _____, 2019
          New York, New York